**WO**                                                                                          SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael Jacob Tyner,                )      No. CV 07-0986-PHX-EHC (ECV)
                                    )
    Plaintiff,              )      **ORDER**
                                    )
vs.                                 )
                                    )
Dora Schriro, et al.                )
                                    )
    Defendants.             )
                                    )

Plaintiff Michael Jacob Tyner filed this civil rights action under 42 U.S.C. § 1983 against Dora Schriro, Director of the Arizona Department of Corrections (ADC), and against Management and Training Corporation (MTC). (Doc. #1.) Schriro moved to dismiss on the grounds that Plaintiff (1) failed to exhaust his administrative remedies and (2) failed to allege facts demonstrating that he suffered a physical injury and, therefore, failed to state a claim; MTC joined the motion.[1] (Doc. ##13, 15.) MTC also filed its own motion to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies. (Doc. #14.) Plaintiff did not file a response to either motion, and the time to do so has passed. Schriro filed a reply, in which MTC joined. (Doc. ##18, 19.) The Court will grant the motions and dismiss the

---

[1] Schriro filed an Answer on the same day that she made her motion to dismiss. (Doc. ##12,13.) The Answer asserted the defense of failure to exhaust. (Doc. #12 at 3.) When the exhaustion requirement is not jurisdictional, failure to exhaust is a defense subject to an unenumerated motion under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). As an unenumerated motion, a motion to dismiss on such grounds need not be made before answering. Fed. R. Civ. P. 12(b).

case.

## I. Background

Plaintiff's Complaint raised four counts; the Court dismissed Counts II, III and IV and directed Schriro and MTC to answer Count I. (Doc. #6.) In Count I, Plaintiff alleged that his Eighth Amendment rights were violated by overcrowding resulting in severe stress, tension, hostility, noise, and inmate confrontations and assault.

## II. Failure to Respond

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss and the opposing party "does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so).

After Defendants filed their Motions to Dismiss, the Court informed Plaintiff of his obligation to respond to the motions and that the failure to respond may "be deemed a consent to the granting" of the motions. (Doc. #16.) Despite these warnings, Plaintiff failed to respond to Defendants' motions. Plaintiff's failure to respond will be construed as consent to the granting of the motions. However, the merits of the motions will be addressed.

## III. Exhaustion of Administrative Remedies

### A. Legal Standard

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies are exhausted. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through

1  the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

2  Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919-21 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**B.     Parties' Contentions**

In support of their motion,[2] Defendants submit the affidavit of Aurora Aguilar, a Hearing Officer with ADC, currently serving in the ADC Central Office, and a copy of the inmate grievance procedure. (Doc. #13, Aguilar Aff. ¶ 1; Attach. 1.) Defendants assert that Plaintiff re-entered ADC in February 2006 and resided at the MTC prison in Kingman, Arizona from February 14 to May 14, 2006 and thereafter at the Cook Unit in the Arizona State Prison Complex (ASPC)-Eyman. (Doc. #13 at 2.) Aguilar attests that the prison in Kingman, Arizona is operated by MTC, which is under contract to house ADC inmates. (Id. ¶ 9.) According to Aguilar, Department Order 802, "Inmate Grievance System," governs ADC's grievance procedure, which may be used for a variety of issues, including conditions of confinement. (Id. ¶ 4.) She further attests that final grievance appeals of grievances generated by inmates housed by MTC are forwarded to ADC Central Office for review and response and are logged into the Central Office Inmate Grievance Appeal Log. (Id.) MTC argues that the exhaustion requirements of the PLRA apply to inmates confined in private prisons, citing Roles v. Maddox, 439 F.3d 1017-18 (9th Cir. 2006). (Doc. #14 at 4.)

Aguilar attests that she examined the Grievance Appeal Log for final grievance appeals filed by Plaintiff and pertaining to overcrowding, hostility, and inmate violence; confinement to his housing areas 21 hours-per-day while at ASPC-Eyman; poorly trained and

---

[2]Because MTC joined the motion filed by Schriro, the Court will discuss the evidence submitted with Schriro's motion.

1 disrespectful correctional staff; failing to make security walks due to 12-hour work shifts; 2 and correctional officers failing to obey supervisors' orders. (Aguilar Aff. ¶ 10.) She found 3 no entries showing receipt of a final grievance on any of the topics from January 1, 2006 4 through September 6, 2007. (Id. ¶ 11.)

5 Plaintiff filed no response. In his Complaint, Plaintiff alleged that, with regard to 6 administrative remedies and Count I, he did not submit a request for administrative relief or 7 appeal a request to the highest level. Plaintiff wrote that he "is exempt from pursuing and 8 exhausting the grievance system for all the reasons alleged at page"; he referred to no page 9 in the Complaint. (Doc. #1 at 4.) Elsewhere in the Complaint, Plaintiff wrote that he was 10 exempt from exhausting the grievance system for all the reasons alleged at Count I, page 3D. 11 (Id. at 8, 13, 16.) But there is no page 3D or explanation why Plaintiff would be exempt from 12 exhausting administrative remedies.

13 **C.     Analysis**

14 Here, Defendants offer evidence that (1) the prison has a grievance procedure and the 15 issues raised in Count I could have been grieved under that procedure and (2) Plaintiff filed 16 no grievance on the issues pertaining to Count I. Plaintiff does not dispute these assertions; 17 in fact, he admitted in the Complaint that he had not filed a grievance on the issues in Count 18 I. Although he claimed he was excused from the grievance process, he offered no 19 explanation and did not file a response to the motion to dismiss. Exhaustion is mandatory. 20 Porter, 534 U.S. at 532. Defendants' motions will be granted and the claim dismissed 21 without prejudice.

22 Because the Court will grant Schriro's motion to dismiss on the grounds of failure to 23 exhaust, it need not consider the additional grounds raised by her. There are no remaining 24 claims, and the Court will dismiss the action.

25 **IT IS ORDERED:**

26 (1)    Defendant Schriro's Motion to Dismiss (Doc. #13) and Defendant MTC's 27 Motion to Dismiss (Doc. #14) are **granted,** and Count I is dismissed without prejudice for 28 failure to exhaust remedies.

(2)　　This action is dismissed, and the Clerk of Court must enter judgment accordingly.

DATED this 18th day of March, 2008.

*Earl H Carroll*
Earl H. Carroll
United States District Judge